UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND A. FORSMAN,

              Plaintiff,

     v.

PORT OF SEATTLE, *et al*.,

              Defendants.

CASE NO. 2:24-cv-01101-RSL

ORDER OF DISMISSAL

      On July 25, 2024, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. Plaintiff alleges that the Port of Seattle and three of its employees conspired to charge him fees not actually owed and denied him legal possession and registration of a fishing vessel in violation of three federal criminal statutes, a federal regulation, a tribal management agreement, and the Fourteenth Amendment. The conduct of which plaintiff complains apparently occurred in or before 2019 because he alleges that defendants' refusal to allow him to replace his vessel caused him to miss the 2019-2024 fishing seasons.

      Many of the same legal claims arising from the same events were asserted in *Forsman v. Port of Seattle*, C19-2050RSL, *Forsman v. Port of Seattle*, C21-867RSL, and/or *Forsman v. Port of Seattle*, C23-1394RSM. All three of those cases were dismissed with prejudice, the first on the merits, the second on the merits and under the doctrine *of res judicata*, and the third under the doctrine of *res judicata*. In the caption of the current

ORDER OF DISMISSAL - 1

complaint, plaintiff references two of these three lawsuits as follows: "per Judge Martinez cv/01394/RSM refile original complaint cv-19-02050-RSL." Dkt. # 5 at 1.

Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). The doctrine bars not only claims that were actually raised, but also those that "could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). *Res judicata* applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013) (citing *Glickman*, 123 F.3d at 1192). A dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is considered a "final judgment on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 (1981); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142 (9th Cir. 1999).

The Court, having reviewed plaintiff's complaint in this case and the pleadings in his prior cases against the Port of Seattle, finds that plaintiff is attempting to assert claims based on the same conduct that was at issue in the prior lawsuits. Although plaintiff now sues additional Port of Seattle employees, they are in privity with the Port, are not accused of any separate or independent wrongs, and could have been sued in the previously

//

//

ORDER OF DISMISSAL - 2

dismissed actions. The Court is required to dismiss a complaint if the action fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Because the claims asserted are barred by the doctrine of *res judicata*, relief is unavailable and amendment would be futile. The case is therefore DISMISSED with prejudice.

Dated this 16th day of August, 2024.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 3